## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | Case No. 8:16-cv-00557-RFR-TDT |
| Plaintiff, | **ANSWER, AFFIRMATIVE DEFENSES,** |
| v. | **COUNTERCLAIM AND JURY DEMAND** |
| COR CLEARING, LLC, a Delaware limited liability company, | |
| Defendant. | |

Defendant COR Clearing, LLC ("COR"), by and through its undersigned attorneys, files this Answer, Affirmative Defenses and Counterclaim with respect to the Complaint for Declaratory Judgment ("Complaint") filed by Plaintiff Federal Insurance Company ("Plaintiff" or "Federal").

### ANSWER

The Answer is made without waiving, and it expressly reserves, all rights that COR has to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint.  To the extent the allegations contained in the unnumbered Paragraphs directly following Paragraphs 31, 35, 39, 43, and 47 or directly preceding Paragraph 1 require a response, COR denies those allegations and denies that Plaintiff is entitled to any relief whatsoever.  COR further denies each and every allegation of the Complaint not expressly admitted or modified, except to the extent such allegations constitute admissions against the Plaintiff's interests.  COR answers the allegations in the like-numbered Paragraphs of the Complaint as follows:

## INTRODUCTION

1.       In response to the allegations of Paragraph 1 of the Complaint, COR denies that Federal "issued a financial institution bond (identified as Policy No. 82002032 and referred to herein as the Bond) to COR" but states that COR did purchase from Federal and Federal issued to COR a financial institution bond identified as Policy No. 82002032 effective for the periods April 15, 2014 to April 15, 2015 and April 15, 2015 to April 15, 2016 (the "Bond"), and that COR seeks coverage under the Bond for losses it suffered, and may suffer, as a result of Christopher Cervino's actions including the loss referenced in Paragraph 1 of the Complaint.  COR denies the remaining allegations in Paragraph 1 of the Complaint.

2.       Paragraph 2 states a legal conclusion to which no response from COR is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 2 of the Complaint.

3.       Paragraph 3 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that it disagrees with Federal's coverage denial and that the action purports to seek a declaratory judgment.  COR denies the remaining allegations in Paragraph 3 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

4.       COR is without sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and, therefore, denies them.

5.       COR denies the allegations contained in Paragraph 5 of the Complaint.

6.       Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, denies that it is domiciled for purposes of citizenship in

Nebraska and lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 6 and, therefore, denies them.

7.      Paragraph 7 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, COR states that it is a Delaware limited liability company and denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Paragraph 9 states a legal conclusion to which no response from COR is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 9 of the Complaint.

## SUMMARY OF DEFENDANT'S CLAIM

10.     COR admits the allegations contained in Paragraph 10 of the Complaint.

11.     COR admits the allegations contained in Paragraph 11 of the Complaint.

12.     Paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations in Paragraph 12 of the Complaint.

13.     COR denies the allegations contained in Paragraph 13 of the Complaint.

14.     In response to the allegations of Paragraph 14 of the Complaint, COR admits Cherry and another claimant (as against Werbel and his employer only) alleged that Werbel advised them with respect to investing in VGTel through promissory notes in favor of New Market Enterprises, and admits the allegations regarding settlement.  Save and except as expressly admitted herein, the allegations in Paragraph 14 of the Complaint are denied.

15.     COR denies the allegations contained in Paragraph 15 of the Complaint.

## COR'S CLAIM UNDER THE BOND

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, COR admits Federal issued the Bond which contains the quoted language and that COR's losses are covered under the specified Insuring Clauses, among others.  Save and except as expressly admitted herein, the allegations in Paragraph 16 of the Complaint are denied.

17.     COR denies the allegations in Paragraph 17 of the Complaint.

18.     COR denies the allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that COR has advised Federal that its losses are covered under the specified Insuring Clause as well as other Insuring Clauses.  Save and except as expressly admitted herein, the allegations in Paragraph 19 of the Complaint are denied.

20.     Paragraph 20 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 20.

21.     Paragraph 21 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Paragraph 24 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Paragraph 25 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 26 of the Complaint.

## COUNT I: DECLARATORY JUDGMENT

27.     No response is required to the allegations in Paragraph 27 of the Complaint, and, to the extent any response is required, COR repeats and realleges the responses to Paragraphs 1 through 26 as if fully set forth herein.

28.     Paragraph 28 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Paragraph 29 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits the Bond contains the quoted language alleged.  COR denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Paragraph 30 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that it disagrees with Federal's coverage denial.  COR denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Paragraph 31 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that it disagrees with Federal's coverage denial.  COR denies the remaining allegations contained in Paragraph 31 of the Complaint.

## COUNT II: DECLARATORY JUDGMENT

32.     No response is required to the allegations in Paragraph 32 of the Complaint, and, to the extent any response is required, COR repeats and realleges the responses to Paragraphs 1 through 31 as if fully set forth herein.

33.     In response to the allegations of Paragraph 33 of the Complaint, COR admits the Bond contains the quoted language.

34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 34 of the Complaint.

35.     Paragraph 35 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that it disagrees with Federal's coverage denial.  COR denies the remaining allegations contained in Paragraph 35 of the Complaint.

## COUNT III: DECLARATORY JUDGMENT

36.     No response is required to the allegations in Paragraph 36 of the Complaint, and, to the extent any response is required, COR repeats and realleges the responses to Paragraphs 1 through 35 as if fully set forth herein.

37.     In response to the allegations of Paragraph 37 of the Complaint, COR admits the Bond contains the quoted language.

38.     Paragraph 38 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 38 of the Complaint.

-6-

39.       Paragraph 39 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that it disagrees with Federal's coverage denial. COR denies the remaining allegations contained in Paragraph 39 of the Complaint.

## COUNT IV: DECLARATORY JUDGMENT

40.       No response is required to the allegations in Paragraph 40 of the Complaint, and, to the extent any response is required, COR repeats and realleges the responses to Paragraphs 1 through 39 as if fully set forth herein.

41.       Paragraph 41 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 41 of the Complaint.

42.       Paragraph 42 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 42 of the Complaint.

43.       Paragraph 43 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that it disagrees with Federal's coverage denial. COR denies the remaining allegations contained in Paragraph 43 of the Complaint.

## COUNT V: DECLARATORY JUDGMENT

44.       No response is required to the allegations in Paragraph 44 of the Complaint, and, to the extent any response is required, COR repeats and realleges the responses to Paragraphs 1 through 43 as if fully set forth herein.

45.       In response to the allegations of Paragraph 45 of the Complaint, COR admits the Bond contains the quoted language.

46.       Paragraph 46 states a legal conclusion to which no response is required.  To the extent a response is required, COR denies the allegations contained in Paragraph 46 of the Complaint.

47.     Paragraph 47 states a legal conclusion to which no response is required.  To the extent a response is required, COR admits that it disagrees with Federal's coverage denial. COR denies the remaining allegations contained in Paragraph 47 of the Complaint.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses, COR states and alleges as follows:

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches and/or unclean hands.

3.     Nebraska law does not apply to Plaintiff's claims or this coverage dispute.

4.     A substantial part of the events or omissions giving rise to the Plaintiff's claims or this coverage dispute occurred outside of Nebraska.

5.     Plaintiff has failed to comply with the terms and conditions of the Bond under which it seeks relief.

6.     Plaintiff's claims are barred by the terms, definitions, conditions, exclusions and limitations of the Bond, all of which are incorporated herein by reference as if the same were fully set forth herein.

7.     No Bond exclusion, term, or condition applies so as to bar coverage for COR's claim for insurance.

8.     Plaintiff's claims are barred, in whole or in part, as being premature and not ripe for determination.

9.     Plaintiff's claims are barred in whole or in part to the extent Plaintiff's denial of coverage violates federal, state and/or local law, statutes, regulations or public policy.

10.     COR designates all denials set forth above if necessary for its full defense of this matter, and it reserves the right to assert additional affirmative defenses as may appear and prove applicable during the course of this litigation.

**WHEREFORE**, having answered the Complaint, Defendant COR Clearing, LLC respectfully requests that this Court enter judgment: (i) in COR's favor declaring that COR's claim for insurance under the Bond is covered and denying Plaintiff's request for a declaration that COR's claim under the Bond is not covered; (ii) awarding COR its costs, expenses, and attorneys' fees incurred in defending this action; and (iii) granting such other relief as the Court deems just and equitable.

## COUNTERCLAIM

Counterclaimant COR Clearing, LLC ("COR"), for its Counterclaim against Plaintiff Federal Insurance Company ("Federal"), alleges as follows:

### INTRODUCTION

1.     COR Clearing, LLC is a wholly-owned subsidiary of COR Securities Holding Inc., a Delaware corporation with its principal place of business in California.

2.     On information and belief, Federal is an Indiana corporation with its principal place of business in New Jersey.

3.     COR purchased from Federal, and Federal issued to COR, a financial institution bond identified as Policy No. 82002032 effective for the periods April 15, 2014 to April 15, 2015 and April 15, 2015 to April 15, 2016 (the "Bond").  A true and correct copy of the Bond is attached hereto (**Exhibits A and B**) and is incorporated by reference as if fully set forth herein

4.     This is an action for enforcement of the terms of the Bond.  COR suffered a loss covered by the terms of the Bond and seeks payment on that Bond from Federal, who has wrongfully

denied coverage and payment.  As a result of Federal's breaches, COR has been deprived of the insurance it was promised, and has been damaged as a result.

## FACTUAL BACKGROUND

### The VGTel Matters

5.      COR is a national clearing firm that does business with independent brokers across the country.  COR is a settlement and clearing firm, which means it has execution and clearance capabilities for all domestic and foreign securities including multi-currency settlement and reporting. COR facilitates trades supported by the market, which allows independent broker dealer customers to buy and sell stock through their accounts.

6.      COR has incurred losses in connection with conduct alleged to have been engaged in by former employee Christopher Cervino's ("Cervino") with respect to involvement in a "pump and dump" scheme involving the stock VGTel Inc. ("VGTel"), for which Cervino was criminally indicted by a federal grand jury and arrested.

7.      Cervino was hired in August 2013 to work at COR's Equity Desk located at COR's Edison, New Jersey office.  His duties and responsibilities were limited to executing trades as directed by clients.  Cervino had a clean background check and no adverse regulatory history at the time of hiring.

8.      Cervino was terminated effective October 2014 for failure to follow company policies and procedures.  COR terminated Cervino's employment immediately upon his admission to COR that he had executed trades where the instruction for the trade was not received directly from the customer.  As noted in his Form U-5, Cervino represented to COR that he mistakenly believed that a third party was duly authorized to instruct him to execute the trades at issue.

9.      On or about March 30, 2015, COR received notice of claims asserted on behalf of a group of investors who were allegedly misled by Cervino and others regarding VGTel stock (the "VGTel Claimants").  On or about April 29, 2015, the VGTel Claimants filed a FINRA Statement of Claim against COR and another firm.  This action filed by the VGTel Claimants, along with any and all other claims arising from the VGTel scheme whether against COR or not, are collectively referred to herein as the "VGTel Matters."

10.      Among other dishonest acts alleged by the VGTel Claimants, claimants have attested that Cervino forged their signature on the COR account opening documents.  These documents allowed Cervino to transfer Claimants' funds into COR accounts and then execute the unauthorized trades.  In addition, claimants attest to various direct interactions with, and solicitations from, Cervino regarding VGTel stock.

11.      COR had no basis to believe that Cervino was an active participant in the VGTel scheme until July 30, 2015 when one of the other alleged participants in the wrongful conduct met with COR's counsel and alleged so.

12.      After a multi-year investigation by the Securities & Exchange Commission ("SEC") and the Department of Justice, a series of arrests were made in connection with the VGTel scheme. On December 18, 2015, the SEC unsealed a complaint against Edward Durante and identified, without naming, various other alleged participants in the VGTel scheme; a related criminal indictment was also unsealed.  On January 6, 2016, the SEC filed an amended criminal indictment (not under seal) against the alleged participants in the VGTel scheme which included Cervino.  A true and correct copy of the criminal indictment is attached hereto as **Exhibit C**.

13.      Per the indictment, Cervino played "an integral role" in the scheme. *See* Exhibit C at ¶ 25.  In addition, Cervino is alleged to have received improper personal financial gains from his

participation in the VGTel scheme. *E.g., see id.* at ¶¶ 11, 13, 17, 32, 54-55.  The VGTel Claimants also alleged that Cervino received improper personal financial gains from his participation in the VGTel scheme.

***COR's Insurance Claim***

14.     COR has incurred, and may continue to incur, certain losses directly resulting from Cervino's acts as they relate to the VGTel scheme and in connection with the VGTel Matters (the "VGTel Claim").

15.     The Bond is a standard form contract drafted by Federal.

16.     The Bond does not contain a choice of law provision.

17.     The Bond provides, among other things, that Federal will indemnify COR for loss "resulting directly from dishonest acts, other than stated in 1.B. below, of any **Employee**, committed alone or in collusion with others except with a director or trustee of the ASSURED who is not an **Employee**, which result in improper personal financial gain to either such **Employee** or other natural person acting in collusion with such **Employee**, or which acts were committed with the intent to cause the ASSURED to sustain such loss." *See* Exhibits A and B, Insuring Clause 1A (Dishonesty – Employee); all bolded terms in quotes are defined terms in the Bond.

18.     The Bond defines "**Employee**" as "a natural person while in the regular service of the ASSURED at any of the ASSURED's premises." *See* Exhibits A and B, Definition (f)(2); *see also* Exhibit B, Endorsement 13, adding "a person who is a registered representative or a registered principal associated with an ASSURED" to the definition of "**Employee**."

19.     Cervino is an "**Employee**" of COR within the meaning of the Bond.

20.     Cervino's actions, including but not limited to the forgery of COR customer signatures on account opening documents, were dishonest.

21.      Cervino received, or at least intended to receive, improper personal financial gain from the VGTel scheme.

22.      Cervino intended to, and did, cause COR to incur a loss.

23.      COR's losses are a natural consequence of Cervino's dishonest acts.

24.      COR suffered a "direct loss" under the Bond as a result of the "dishonest acts committed" by Cervino.  Thus, COR is entitled to reimbursement for that loss, pursuant to the terms of the Bond.

25.      In the alternative, the VGTel Claim is covered under one of the other Insuring Clauses in the Bond including, but not limited to, Insuring Clause(s) 1B, 1D, and/or 4.

26.      There are no exclusions in the Bond that preclude coverage for the VGTel Claim.

***Federal's Wrongful Denial of Coverage***

27.      COR provided timely notice to Federal of a potential loss under the Bond in connection with the VGTel scheme.

28.      On January 29, 2016, at Federal's request, COR timely submitted a Preliminary Proof of Loss detailing the VGTel Claim.

29.      On or about August 24, 2016, Federal provided a preliminary coverage determination that the Bond did not cover the VGTel Claim.

30.      By letter dated September 14, 2016, counsel for COR requested Federal reconsider and reverse its preliminary coverage denial.

31.      Federal formally denied coverage for the VGTel Claim by letter dated December 22, 2016, and commenced the instant action.

32.      Federal's declination of the VGTel Claim was wrongful and in error.

33.      The VGTel Claim falls within the coverage provided by the Bond.

-13-

34.      Federal cannot sustain its burden to show that any exclusion or other provision in the Bond applies to preclude coverage for the VGTel Claim.

35.      Alternatively, any contrary language in the Bond creates an ambiguity which is to be construed in favor of coverage.

36.      As a direct and proximate result of the foregoing, COR has been, and will continue to be, deprived of benefits under the Bond to which it is entitled, and has incurred substantial actual damage and such damages are continuing.

## COUNT I: BREACH OF CONTRACT

37.      COR repeats and realleges each and every allegation set forth above.

38.      The Bond at issue is a valid, enforceable contract of insurance between Federal and COR.

39.      Federal's rights and obligations with respect to COR as they relate to the VGTel Claim is governed by the terms and conditions of the Bond.

40.      COR has complied in all material respects with the terms, conditions, and requirements of the Bond, including but not limited to the payment of premiums.

41.      There are no exclusions in the Bond that preclude coverage for the VGTel Claim.

42.      Federal has breached its contract of insurance with COR by refusing to pay covered loss incurred by COR in connection with the VGTel Matters.

43.      Federal's breaches were material and without justification.

44.      As a direct and proximate result of its breaches of contract, Federal has deprived COR of the benefit of insurance coverage for which it paid a substantial premium.

45.      Federal's breaches of contractual obligations to COR directly and proximately caused damages to COR.

46.     COR seeks damages in an amount to be proven at trial, including but not limited to pre-judgment and post-judgment interest at the maximum allowable rate, and such additional relief as the Court deems proper.

**WHEREFORE**, Defendant and Counterclaimant COR Clearing, LLC respectfully requests that this Court enter judgment: (i) in favor of COR and against Federal on COR's Counterclaim in an amount to be proven at trial, plus pre-judgment interest; (ii) in favor of COR and against Federal on all claims for relief alleged herein including Federal's request for declaratory relief; (iii) awarding COR its costs, expenses, and attorneys' fees incurred in this action; and (iv) granting such other relief as the Court deems just and equitable.

## JURY DEMAND

Defendant and Counterclaimant COR Clearing, LLC requests a jury trial of this matter to the fullest extent permissible under the law.

DATED:  March 17, 2017

Respectfully submitted,

s/ Michael T. Hilgers
Michael T. Hilgers (#24483)
mhilgers@hilgersgraben.com
Mary Ann Novak (#24851)
mnovak@hilgersgraben.com
Andrew R. Graben (TX# 24045964)
agraben@hilgersgraben.com
Jackson W. Rudd (#26094)
jrudd@hilgersgraben.com

HILGERS GRABEN PLLC
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone: (402) 218-2106

AND

-15-

Yelitza V. Dunham (admitted *pro hac vice*)
ydunham@winston.com
Diana Hughes Leiden (admitted *pro hac vice*)
dhleiden@ winston.com

WINSTON & STRAWN LLC
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: (415) 591-1000

*Attorneys for Defendant COR Clearing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

s/ Michael T. Hilgers
Michael T. Hilgers

-16-