# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>COR CLEARING, LLC;<br><br>    Defendant/Counter-Plaintiff. | Case No. 8:16-cv-00557<br><br>**AGREED CONFIDENTIALITY ORDER** |

This matter is before the Court on the parties' Joint Stipulation for Confidentiality Order. ([Filing No. 70](#).)  This Stipulation is adopted and approved.  Accordingly,

The Parties to this Agreed Confidentiality Order have agreed to the terms herein, agree to adhere to the terms upon full execution of this Agreed Confidentiality Order, and stipulate to the entry of this Order; accordingly, it is ORDERED:

  1.  **Scope**.  This Order includes in its scope any documents, electronically stored information, or other information produced, or disclosed in the Action, whether pursuant to formal or informal discovery requests, correspondence, motions not filed with the court, by subpoena, or through testimony and information derived directly therefrom (hereinafter collectively "documents"). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

  2.  **Confidential Information**.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party, including any non-party, that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute, including, but not limited to,

customer information protected by the Gramm-Leach-Bliley Act; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**.

(a) A party, including any non-party, may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential

Information as defined in this order.

4. **Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 30 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Protection of Confidential Material**.

 (a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

 (b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

  (1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

  (2) Parties. Individual parties and employees of a party but only to the

extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Any court reporters, typist, videographer, interpreter and/or translator who records, transcribes or translates testimony;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Confidentiality Agreement And Order;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as

permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) Regulators or Reinsurers. The Parties may disclose Confidential Information to participating insurers or reinsurers, if any, or auditors or regulators for legitimate business purposes; and,

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party or parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 7.5.

8.      **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

    (a)      Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

    (b)      Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer

requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**.

Confidential Information may be referred to in documents filed with the Court such as briefs, memoranda, or other submissions, or made exhibits to documents filed with the Court or at trial, provided that any such briefs, memoranda, exhibits or submissions incorporating or referencing such Confidential Information, shall bear the statement "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the first page of the brief, memorandum, exhibit or submission. Any brief, memorandum, exhibit or submission being filed with the court shall be filed under seal endorsed with the case caption, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party or Non-Party] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action. Violation thereof may be regarded as contempt of Court.

In the event that any Confidential Information is used in any court proceeding prior to or at trial, it shall not lose its confidential status through such use. To the extent the Court does not permit the parties to file Confidential Information under seal as set forth above, the Parties expressly reserve their rights to agree on procedures for the filing or submission to the Court of any

motions, briefs, or affidavits (including any exhibits thereto) containing Confidential Information and also reserve their rights to agree on procedures for handling and introducing into evidence at the time of trial or hearing any materials deemed Confidential Information.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the

other party to this case.

13. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Obligations on Conclusion of Litigation**.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so; provided however, (1) to the extent a party maintains an electronic copy of Confidential Information, then it shall ensure that the information remains confidential, and (2) to the extent that any party is required by law, government or regulatory requirement, contract or other requirement to maintain copies of documents related to this Action, including Confidential Information, such party shall maintain such Confidential Information to the extent necessary to fulfill such requirements while continuing to treat such Confidential Information as "Confidential" under the terms of this Order. Outside counsel for the parties shall be entitled to retain court papers, deposition

and trial transcripts and attorney work product (including materials containing Confidential Information) <u>provided</u> that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to Court order or agreement with the producing party, as such materials are intended to retain their confidentiality after claims in the Action have been finally determined between the parties. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18. **Non-waiver**. Nothing in this Order shall prevent any party from objecting to discovery that the party believes to be otherwise improper.

19. **Counterparts**. This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

# ATTACHMENT A

## ACKNOWLEDGMENT OF CONFIDENTIALITY AGREEMENT AND ORDER

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER which was entered by the Court on the _____ day of _____ 2018, *Federal Insurance Company v. COR Clearing, LLC*, United States District Court for the District of Nebraska, Case No. 8:16-cv-00557-RFR-TDT, and that he/she fully understands and agrees to abide by the obligations and conditions of the Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Nebraska, for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

DATED this _____ day of _____, 2018.

_____
Printed Name

_____
Signature

_____
Company